(79 Misc. Rep. 255.)

JAMES v. MORTEN et al.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

MUNICIPAL CORPORATIONS (§ 706*)—INJURIES IN STREETS—SUFFICIENCY OF EVIDENCE—NEGLIGENCE.

    In an action for damage to plaintiff's automobile by collision with defendant's horse, which was running away because of a prior collision with another automobile, evidence *held* not to sustain a finding of negligence by defendant, on the ground that his horse was not attended when it started to run away.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Arthur C. James against Alexander Morten, impleaded with others. From a judgment for plaintiff, defendant Morten appeals. Reversed, and new trial ordered.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Hoadly, Lauterbach & Johnson, of New York City (Alfred H. Townley, of New York City, of counsel), for appellant.

Bertrand L. Pettigrew, of New York City (Everett W. Bovard, of Elmhurst, of counsel), for respondent.

LEHMAN, J. The plaintiff's automobile was damaged by collision with a horse and runabout owned by the defendant Morten. The record shows without dispute that the collision occurred through no negligence of the plaintiff. It also shows without dispute that at the time of the collision Morten's horse was running away and that there was no driver in the runabout. It further appears that before the horse ran into plaintiff's automobile it had been involved in a collision with another automobile, owned by defendant Breed. Plaintiff in his complaint alleged negligence on the part of Morten in driving and managing the horse and wagon, and on the part of the defendant Breed in managing and operating the automobile, in running into and colliding with said horse and wagon, and causing the said horse to run away.

At the trial the plaintiff called both Morten and Mrs. Breed, who was riding in the automobile at the time of the collision, as

his witnesses, and the case really developed into a question as to the responsibility for the collision between Morten's horse and wagon and Breed's automobile; it being apparently assumed that that collision was the cause of the runaway, and hence of the damage to plaintiff's car. Morten testified that Breed's automobile ran into his wagon, that the impact threw him out, and that the horse then ran away. Mrs. Breed testified that the automobile passed Morten's horse and wagon, and shortly thereafter she felt a blow on the rear of the car, and then saw Morten thrown from the wagon and the horse run away. The defendants presented some evidence in their own behalf, but this evidence introduces no issue other than the issues presented by the testimony of the witnesses Morten and Mrs. Breed, produced by the plaintiff. If the jury believed Morten, they could find that Breed's automobile collided with his horse and wagon through the negligence of Breed's chauffeur. If they believed Mrs. Breed, they were bound to find that the collision was not due to any negligence on the part of her chauffeur; but in the latter case they were by no means bound to find that it occurred through the negligence of Morten, for it might well be that his horse had become unmanageable before the collision and not as a result of the collision.

The theory of the plaintiff and of the trial justice in submitting the case to the jury was that the plaintiff's testimony made out a prima facie case of negligence against Morten, by showing that at the time of the injury the horse was unattended; that this prima facie case could be met only by proof that at the time the horse ran away it was attended; that, if the jury believe Morten, then they were bound to hold that the horse was not unattended at the time it ran away, but, believing Morten's testimony, they were also bound to find that Breed's chauffeur was negligent. On the other hand, if they believed Mrs. Breed, then they were bound to discredit Morten's testimony, and if Morten's testimony that he was driving the horse until he was thrown out by the impact from Breed's machine is disregarded, then the original inference of negligence, by reason of the horse being unattended at the time it ran into plaintiff's automobile, still holds good. In accordance with this theory the trial justice charged at plaintiff's request that the fact of the horse running away without the driver is some evidence of negligence on the part of the defendants. The difficulty with this charge is that any possible presumption of negligence from the fact that the horse was running away without a driver is completely met by the undisputed proof that at the time the horse started to run away the driver was in the wagon and was thrown out. Upon this point Morten and Mrs. Breed, both witnesses produced by the plaintiff, are absolutely agreed, and no jury could be permitted to disregard this evidence.

Judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.